```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       PARKERSBURG
```

**WILLIAM CUNNINGHAM,**

    **Plaintiff,**

**v.**                                          **Case No. 6:07-cv-00101**

**VINCENT K and LINDA E. MCMAHON,**
**WWE, INC.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 16, 2007, Plaintiff filed a Complaint (docket sheet document # 1) and an Application to Proceed in forma pauperis (# 2). On December 3, 2007, Plaintiff filed a "Petition for Judicial Review" (# 5). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition. This is the 16th civil action filed by this plaintiff since December of 2003. The prior 15 civil actions have been dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding, such as this one, where the Plaintiff seeks to proceed in forma pauperis (without prepayment of fees), the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the United States Supreme Court recently addressed the standard for granting a motion to dismiss pursuant to Rule 12(b)(6). In Twombly, the Court observed that a motion to dismiss should be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1968-69 (explaining that the pleading standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) whereby courts look to whether the plaintiff can prove "no set of facts" giving rise to a claim "has earned its retirement").

While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65. This screening is generally done prior to consideration of the Application to Proceed Without Prepayment of Fees.

2

Because Plaintiff is <u>pro se</u>, the court "is obliged to construe his pleadings liberally and search for any 'set of facts in support of his claim which would entitle him to relief.'" <u>Materson v. Stokes</u>, 166 F.R.D. 368, 372 (E.D. Va. 1996) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with Plaintiff. <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); <u>Adams</u>, 697 F.2d at 1219.

> Plaintiff's Complaint states in pertinent part:
>
> The complaint brings into question the "Free use" [sic; "fair use"] doctrine of the copyright act. The plaintiff in 2006 downloaded the theme music of [WWE] superstar "Maria Kanellis." The McMahons employ on their website wwe.com a technology called Digital Rights Management ("DRM"). The cost of the download was only $.99 and the plaintiff could play the music whenever he chose, however often he chose. However several problems occurred and they are related to DRM.
>
> DRM violates the constitutional rights of anyone who is the recipient of DRM media. When the music was downloaded licenses (special software) was placed on the plaintiff's computer allowing him to only use this media on his computer. If he wanted it on another computer he would have to re-purchase the media content. The Free use [sic; fair use] doctrine of the copyright act allows this sharing between individuals. DRM prevents it.
>
> * * *
>
> The relief the plaintiff requests is that this court review DRM and its policies and see if it is illegal by infringing on citizens rights in accordance with federal statutory and constitutional law. And the policies of WWE and DRM. The plaintiff has been injured by this technology as have many people. DRM should be declared unconstitutional if it does indeed violate the US

3

Constitution and free use rights.

(# 1 at 1-2).

Plaintiff's Petition for Judicial Review states:

> This day comes before the court the Plaintiff, Petitioner William Cunningham, Pro Se to request a judicial review of PL 105-304 at 17 USC 1002 and 1201. Also know[n] as the "Digital Millennium Copyright Act" ("DMCA").  Digital Rights Management ("DRM") as the technology is now known for the most part is destroying the fair or free use doctrine of the copyright act.  As stated in the complaint against the Defendants DRM controlled digital media failed to allow him permanent use of the media he purchased.  The plaintiff has also purchased two movies from Apple Computer Inc.  Apple uses DRM to put licenses in the purchaser's computer to make sure that machine can play that media.  These licenses the plaintiff contends are an invasion of computer privacy.  The DRM Licenses function as tracking and other statistical gathering information about one's computer use.  DMCA says that nothing in the Act shall construe to impede fair and free use.  DRM does just that.
>
> As said above, the plaintiff purchased two movies from Apple Computer.  The data that contains the movie content is forever on DVD.  The ability to view these movies depend upon the availability of Apple's website to obtain a "License" to view the movie.  Free Use means as long as the owner of the media, being the plaintiff, would like to give without making money or claiming authorship . . . . In the case of the plaintiff with the defendant and Apple Computer, the purchase is not forever but with the availability of the website putting unwanted software on one's computer.  DRM "individualizes" one's media player and monitors and limits free use.  The plaintiff can never give his movies away without them having to be repurchased by someone else.  DRM is a violation of free use to lure in an endless stream of money.
>
> Apple Computer does not own the copyright for the purchased movies but locks in an endless stream of revenue using this very faulty DRM technology.

(# 5 at 1-2).  Plaintiff's Petition for Judicial Review makes the

4

following requests:

1. The petitioner as movant moves the court for an opinion concerning DRM. Does it indeed violate free and fair use.

2. The petitioner requests a judicial review of DMCA and if it indeed does allow impeding of free and fair use of DRM.

3. The Plaintiff/Petitioner does hereby grant in accordance with USC the magistrate judge to make the final decision in this matter without review by a District Court Judge by Objection.

4. The court to consider this petition and the original complaint as liberally construed as allowed.

5. Are Licenses and data put on an individual's computer and media player individualization an invasion of computer privacy if the installed data is installed knowingly or unknowingly. The plaintiff is of the opinion that putting licenses or software on other's computers is a violation of privacy.

6. The movant moves the court for its opinion concerning motions 1, 2, and 5 above.

(Id. at 2).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).

Neither Plaintiff's Complaint, nor his Petition for Judicial Review, contain a short and plain statement of the court's jurisdiction or demonstrate that Plaintiff is entitled to any relief. Plaintiff essentially requests that the court conduct legal research on his behalf concerning copyright law, which the court will not do. Petitioner does not cite to any federal constitutional authority or case law to support his "opinion" that the DMCA or the use of DRM to facilitate and manage the use of digital media by non-copyright holders violates the "fair use" doctrine under the Copyright Act.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint (# 1) and his Petition for Judicial Review (# 5) fail to state a claim upon which relief may be granted. Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (# 1) and his Petition for Judicial Review (# 5) under 28 U.S.C. § 1915(e)(2)(B) and **DENY** Plaintiff's Application to Proceed in forma pauperis (# 2).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing) and ten

days (filing of objections) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

<u>   March 4, 2008   </u>
         Date

Mary E. Stanley
United States Magistrate Judge